UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. HUNT, an individual; and KAREN M. DUNMORE, an individual,<br><br>Defendant. | No. 2:15-cv-00336-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Defendant Karen M. Dunmore's ("Defendant") Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). (Def.'s Mot. to Dismiss, ECF No. 10.) Plaintiff Travelers Casualty and Surety Company of America ("Plaintiff" or "Travelers"), a Connecticut corporation, opposes Defendant's motion. (Pl.'s Opp'n, ECF No. 18.) The Court is duly advised of the parties' arguments. After careful consideration, and for the reasons set forth below, the Court hereby DENIES Defendant's Motion to Dismiss.

**I.   FACTUAL BACKGROUND**

On February 9, 2015, Plaintiff, an admitted surety insurer, filed a Complaint against Defendant, an individual, alleging causes of action for conversion, violation of the Uniform

1

Fraudulent Transfer Act, Cal. Civ. Code § 3439 (West 2016), and conspiracy.[1]  (Compl., ECF No. 1.)  Plaintiff filed this lawsuit seeking damages and any other available legal or equitable remedies.  (*See id.* at 7–8.)  The allegations giving rise to these claims are as follows.  On or about December 15, 2005, Travelers entered into a General Agreement of Indemnity with Sidney B. Dunmore ("Sidney"), among other indemnitors, pursuant to which Sidney agreed to indemnify Travelers as a material inducement for Travelers to provide bonds on behalf of Sidney and his companies.  (*Id.* at ¶ 6.)  Pursuant to the General Agreement of Indemnity, Sidney granted Travelers a security interest in certain of his personal property, specifically including "general intangibles" and all proceeds thereof.  (*Id.* at ¶ 7.)  Travelers received claims and suffered bond losses for which Sidney was obligated to indemnify Travelers.  (*Id.* at ¶ 9.)  On October 29, 2007, Travelers perfected a security interest in Sidney's right to receive any and all tax refunds from the United States of America.  (*Id.* at ¶ 12.)  On or about February 17, 2010, the United States of America paid Sidney a tax refund ("the Tax Refund") in the amount of $3,962,263.  (*Id.* at ¶ 14–15.)  On February 17, 2010, Sidney transferred $500,000 of the Tax Refund to Defendant without Travelers' consent.  (*Id.* at ¶ 18, 28.)  Defendant and Sidney fraudulently concealed the existence of these transfers from Travelers, and Defendant failed and refused to pay the Tax Refund proceeds to Travelers after receiving notice of Travelers' interest in the Tax Refund.  (*Id.* at ¶ 19, 29.)[2]

On April 1, 2015, Defendant filed her Motion to Dismiss under Rule 12(b)(6).  (ECF No. 10.)  Defendant contends that Plaintiff is unable to assert that it has any rights to possession or ownership interest in Defendant's interest in the Tax Refund.  (*Id.* at 5.)  Further, Defendant asserts she has a "community property" interest in one half of the Tax Refund, and Plaintiff fails to allege that Defendant's possession of this community interest in a separate account places the community property "beyond the reach" of Travelers.  (*Id.* at 3–8.)

---

[1]   An additional defendant was included in the Complaint but has since been dismissed from the case.  (Order filed Oct. 27, 2015, ECF No. 38.)

[2]   Plaintiff has a companion case against Sidney B. Dunmore, Defendant's husband, currently pending before the Court.  *Travelers v. Sidney B. Dunmore*, No. 2:07-CV-02493-TLN-EFB (E.D. Cal. Nov. 19, 2007).  The companion case concerns moneys owed by Sidney to Plaintiff pursuant to the General Agreement of Indemnity and involves many of the same facts at issue in the instant matter.

## II. STANDARDS OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.  ANALYSIS[3]

Defendant moves this Court to dismiss Plaintiff's Complaint under Rule 12(b)(6). (ECF No. 10). Plaintiff responds that its Complaint alleges sufficient facts to adequately state a claim to relief. (*See* ECF No. 18.)

"Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted 'based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Granger v. Lowe's Home Ctrs., LLC*, No. 1:14–cv–01212–KJM–SKO, 2014 WL 4976134, at *5 (E.D. Cal. Oct. 3, 2014) (citing

---

[3] Parties agree that the dispute is governed by California law. (*See* ECF No. 1; ECF No. 10; ECF No. 18; Def.'s Reply to Pl.'s Opp'n, ECF No. 21.)

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In its Complaint, Plaintiff alleges causes of action under three legal theories: conversion, violation of Uniform Fraudulent Transfer Act, and conspiracy.  (ECF No. 1.)  Defendant contends that Plaintiff fails to state a claim upon which relief can be granted due to Plaintiff's inability to demonstrate that Plaintiff has a right to Defendant's community property interest in the Tax Refund.  (ECF No. 10 at 5; Def.'s Reply to Pl.'s Opp'n, ECF No. 21 at 4.)  The characterization of the Tax Refund proceeds as community property is disputed.  (ECF No. 18 at 2.)  Defendant is essentially requesting this Court to make a finding of fact.  It would be inappropriate to make such a factual finding as the Court must accept as true all factual allegations made in the Complaint in a motion to dismiss.  *Cruz*, 405 U.S. at 322; *see also Wares v. Vanbebber*, 231 F. Supp. 2d 1120, 1128 (D. Kan. 2002) ("Defendant's argument is not grounded upon the sufficiency of plaintiff's allegations, but instead, relies upon facts that fall outside the scope of the court's legitimate inquiry on a motion to dismiss.").  Without deciding the characterization of the property at issue, the Court analyzes whether Plaintiff alleges sufficient facts for each cause of action in its Complaint.

### A. <u>Plaintiff Alleges Sufficient Facts for a Conversion Claim</u>

"Conversion is defined as the 'wrongful exercise of dominion over the personal property of another.'"  *Brosious v. JP Morgan Chase Bank, N.A.*, No. 15-CV-00047-KJM-DAD, 2015 WL 3486953, at *4 (E.D. Cal. June 2, 2015) (quoting *L.A. Fed. Credit Union v. Madatyan*, 209 Cal. App. 4th 1383, 1387, (2012)).  "To establish a conversion claim, a plaintiff needs to show the following: (1) ownership or right to possession of personal property at the time of the conversion; (2) a defendant's exercise of dominion over a plaintiff's personal property by a wrongful act; (3) lack of consent; and (4) causation and harm."  *Brosious*, 2015 WL 3486953, at *4.

Thus, with respect to Plaintiff's claim of conversion, the question for the Court is whether Plaintiff sufficiently alleges these elements.  Plaintiff asserts the following facts in support of the conversion claim.  Regarding the first element, Plaintiff alleges that it had an ownership interest at the time of the conversion and maintains said interest in the Tax Refund due to the General Agreement of Indemnity, and Plaintiff perfected its security interest by filing its UCC-1 financing statements.  (ECF No. 1 at ¶ 7–25; ECF No. 18 at 1–3.)  To establish the exercise of dominion by

a wrongful act element, Plaintiff asserts that Defendant knowingly received $500,000 of the Tax Refund, concealed this transfer from Plaintiff, held the funds in a separate bank account, and refused to return the money to Plaintiff when demanded to do so.  (*See* ECF No. 1 at ¶ 18–33; ECF No. 18 at 1–6.)  In alleging lack of consent, Plaintiff states that it did not consent to Sidney's transfer of a portion of the Tax Refund to Defendant nor did Plaintiff consent to Defendant maintaining possession of the Tax Refund.  (*See* ECF No. 1 at ¶ 28; ECF No. 18 at 2.)  Finally, Plaintiff claims that, as a direct and proximate result of Defendant's failure to pay the Tax Refund proceeds to Plaintiff, Plaintiff has incurred, and will continue to incur, costs and expenses in connection with investigating, paying and litigating claims on the bonds, and enforcing the General Agreement of Indemnity, thus supporting the causation and harm element.  (ECF No. 1 at ¶ 22–31.)  Therefore, because facts supporting each element are included in the Complaint, the Court finds that Plaintiff alleges sufficient facts to support a conversion claim.

    B. <u>Plaintiff Alleges Sufficient Facts for a Claim under the Fraudulent Transfer Act</u>

    Under the Fraudulent Transfer Act, a transfer by a debtor is fraudulent as to creditors whose claims arose before the transfer if the debtor made the transfer without receiving reasonably equivalent value in exchange, and either was insolvent at the time of the transfer, or became insolvent as a result of the transfer.  Cal. Civ. Code § 3439.05 (West 2016).  A transfer of assets made by a debtor is also fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer, if the debtor made the transfer with an actual intent to hinder, delay or defraud any creditor.  Civ. § 3439.04.  "A transfer that would otherwise be voidable as intentionally fraudulent under section 3439.04, subdivision (a), is not voidable against a transferee who took in good faith and for a reasonably equivalent value."  *Monastra v. Konica Business Machs., U.S.A.*, 43 Cal. App. 4th 1628, 1635 (1996) (citing Civ. § 3439.08(a)).

    Here, the Court must decide whether Plaintiff sufficiently alleges facts establishing that the transfer by Sidney is fraudulent as to Plaintiff on the basis of:  the transfer was not in exchange of a reasonably equivalent value; the insolvency of the debtor; or the intent of Sidney and Defendant.  Plaintiff offers the following factual allegations.  Plaintiff is informed and believes that Sidney transferred the Tax Refund proceeds to Defendant "with the intent to hinder,

1  delay, or defraud" Plaintiff.  (ECF No. 1 at ¶ 33.)  Plaintiff is informed and believes that Sidney
2  did not receive reasonably equivalent value in exchange for the transfer of the Tax Fund proceeds
3  to Defendant.  (*Id.* at ¶ 34.)  Plaintiff is informed and believes that Sidney was insolvent at the
4  time of the transfer.  (*Id.* at ¶ 35.)  The Court notes that the language of these factual allegations
5  suggests legal conclusions, because the wording of the alleged facts utilizes the same language
6  used in the requisites of the Fraudulent Transfer Act.  However, such allegations provide
7  Defendant notice of what the claim is and the grounds upon which it rests.  *Twombly*, 550 U.S. at
8  555.  Therefore, the Court finds that Plaintiff alleges sufficient facts for a violation of the
9  Fraudulent Transfers Act claim.

10          C.  <u>Plaintiff Alleges Sufficient Facts for a Conspiracy Claim</u>

11          "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons
12  who, although not actually committing a tort themselves share with the immediate tortfeasors a
13  common plan or design in its perpetration."  *Applied Equipment Corp. v. Litton Saudi Arabia*
14  *Ltd.*, 7 Cal. 4th 503, 510–11 (1994).  "The elements of civil conspiracy are the formation and
15  operation of the conspiracy and damage resulting to the plaintiff.  Standing alone, a conspiracy
16  does no harm and engenders no liability; it must be activated by the commission of an actual civil
17  wrong."  *Monastra*, 43 Cal. App. at 1644–45 (internal citations omitted).

18          In evaluating the sufficiency of facts alleged for a claim of conspiracy, the Court must
19  look to the entirety of the allegations put forth in the Complaint as the claim of conspiracy is
20  derivative of Plaintiff's conversion and fraudulent transfer causes of action.[4]  Specifically,
21  Plaintiff asserts that Defendant was aware that Sidney planned to convert and fraudulently
22  transfer assets to place them beyond Plaintiff's reach and that Defendant agreed and intended for
23  those acts to be committed.  (ECF No. 1 at ¶ 39–40.)  Additionally, Plaintiff states that Defendant
24  accepted the Tax Refund proceeds and failed and refused to pay the proceeds to Plaintiff, and thus
25  was party to the fraudulent transfer.  (ECF No. 1 at ¶ 18–21.)  Therefore, the Court finds that
26  Plaintiff alleges sufficient facts for a claim of conspiracy.

27

28  ⁴       *See Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 838 (2005) ("The conspiracy allegations served to bolster and explain plaintiff's claims under the UFTA.").

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint is hereby DENIED.  (ECF No. 10.)

IT IS SO ORDERED.

Dated: February 23, 2016

Troy L. Nunley
United States District Judge